1  Gregory L. Weeks, Esq., CSB No. 58584
       Email: gweeks@wknjlaw.com
2  Gregory K. Nelson, Esq., CSB No. 203029
       Email: gnelson@wknjlaw.com
3  Chandler G. Weeks, Esq., CSB No. 245503
       Email: chandlerw@wknjlaw.com
4  WEEKS, KAUFMAN, NELSON & JOHNSON
   462 Stevens Avenue, Suite 310
5  Solana Beach, CA 92075
   Telephone: (858) 794-2140
6  Fax: (858) 794-2141
   Email: Office@wknjlaw.com
7
   Attorneys for Plaintiff
8

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13

14  **RED.COM, INC., dba RED**        ) Case No.:  **SACV12-00380 CJC (ANx)**
    **DIGITAL CAMERA**, a Washington   )
15  Corporation,                       )
                                       ) COMPLAINT FOR TRADEMARK
16                                     ) INFRINGEMENT, UNFAIR
            Plaintiff,                  ) COMPETITION, AND FALSE
17                                     ) DESIGNATION OF ORIGIN
        vs.                            )
18                                     )
    **TOM JORDAN**, a California resident, ) DEMAND FOR JURY TRIAL
19                                     )
            Defendant.                  )
20                                     )
21                                     )
                                       )
22  _____)

23

24

25

26

27

28

Plaintiff Red.com, Inc., dba RED DIGITAL CINEMA (hereinafter referred to as "RED" or "Plaintiff") hereby complains of Defendant Tom Jordan, (hereinafter referred to as "Jordan" or "Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over this action is founded upon 15 U.S.C. § 1121, and 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C. §§ 1391(b) and (c), this claim having arisen and Defendant doing business in this district.

## THE PARTIES

2. Plaintiff RED is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at 34 Parker, Irvine, California 92618, and doing business within this judicial district.

3. RED is informed and believes, and thereupon alleges that Defendant Tom Jordan is an individual residing in California, and within this judicial district.  RED is informed and believes, and thereupon alleges, that Jordan does business as "Digital 4K Planet Cameras" or "HD Planet Cameras," at 7222 Valjean Ave., Van Nuys, California 91406.  RED is informed and believes, and thereupon alleges, that Jordan is the owner and operator of the domain names www.scarletcamerarentals.com and www.redplanetcameras.com. RED is informed and believes, and thereupon alleges, that Defendant is doing business within this judicial district and marketing and advertising his rental services within this judicial district.

## FACTUAL BACKGROUND

4. Since at least 2005, RED has been and continues to be actively engaged in the design, development, manufacture and sale of high performance digital still and motion cinematography cameras, video equipment and accessories, digital editing software, video players and generally, imaging format technology used in the dissemination, broadcast, or transmission of video. Since the introduction of its revolutionary RED ONE® camera, RED's products have been used to film several

Complaint for Trademark Infringement

blockbuster movies, as well as many other movies and television series.  The RED camera and products have been one of the hottest items in the Hollywood industry. Since the original RED ONE camera, RED has introduced two other revolutionary cameras, its RED EPIC® and SCARLET® cameras.

5. RED is the owner of U.S. Registered Trademark No. 4,099,251, for "SCARLET" for "digital still and motion cameras and accessories, sold individually or as a unit, comprised of, cameras, digital sensors, camera lenses, flash memory cards, electronic memories, hard drives, video monitors and flat panel display screens , all for use in the creation, storage, delivery, manipulation, recording, playback or viewing of video, music, graphics, photos, audio, text, and multimedia data; modular camera systems and accessories, sold individually or as a unit, comprised of cameras, camera lenses, electronic viewfinders, processing modules, imaging modules, flash memory cards, electronic memories, hard drives for video recorders, video monitors and flat panel display screens, all for use in the creation, storage, delivery, manipulation, recording, playback or viewing of video, music graphics, photos, audio, text, and multimedia data; computer programs for digital still and motion camera systems, namely, computer hardware and computer software programs for the recording, editing and publication of still image and movie pictures" in Class 9. The registration, filed on February 6, 2008, issued on February 14, 2012. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 1.

6. RED is also the owner of U.S. Registered Trademark No. 3,732,638, for "RED" for "electronic data storage devices" in Class 39. The registration issued on December 29, 2009. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 2.

7. RED is also the owner of U.S. Registered Trademark No. 3,800,535, for "RED" for "batteries" in Class 9. The registration issued on June 8, 2010. A true

and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 3.

8.  RED is also the owner of U.S. Registered Trademark No. 3,804,193, for "RED" for "electronic input/output modules for digital camera data transmission" in Class 9. The registration issued on June 15, 2010. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 4.

9.  RED is also the owner of U.S. Registered Trademark No. 3,832,666, for "RED" for "electronic digital image sensors for use with digital cameras" on goods in Class 9. The registration issued on August 10, 2010. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 5.

10.  RED's products, and their connection with the "SCARLET" and "RED" trademarks, have become, through public acceptance, a distinctive designation of the source of origin of goods and services offered by RED and an asset of incalculable value as a symbol of RED and its quality goods and good will.  Since at least 2005, RED has expended money in the promotion of its company and its goods and services. As a result of these promotional efforts, the trademarks "SCARLET" and "RED" have become and is now known to be connected to the mark and are recognized in this district and elsewhere as emanating from and authorized by RED.

11.  RED's trademark has been in continuous use since at least their first uses, respectively, and have never been abandoned, and are associated with the good will of the business of RED.  RED continues to preserve and maintain its rights with respect to these trademarks.

12.  RED is informed and believes, and thereupon alleges, that Defendant is renting RED EPIC and SCARLET cameras by relying on the goodwill and reputation of RED's trademarks. RED is informed and believes, and thereupon

alleges, that Defendant purchase RED EPIC® and SCARLET® cameras for use in the creation, storage, delivery, manipulation, recording, playback, viewing and editing of videos, film, and/or photographs by him or other third parties to whom he rents his cameras.  RED is informed and believes that the chief marketing and advertising tool to develop business for himself is Defendant's registration, development, and continued use of the domain names www.scarletcamerarentals.com and www.redplanetcameras.com.  RED is informed and believes, and thereupon alleges, that Defendant selected these domain names to specifically benefit from the value in RED's trademarks and customers enthusiasm for the RED brand.

13. Aside from using the domain names ScarletCameraRentals.com and RedPlanetCameras.com to advertise and solicit rentals of the RED EPIC® and SCARLET® cameras, RED is informed and believes, and thereupon alleges, that Defendant also advertises the rental of other competitors products on the same websites. In particular, Defendant advertises that it rents Sony and ARRI cameras, as well as Angenieux, Zeiss, Cooke, Nikon and Tokina lenses, all of which are competitors of RED.

14. Additionally, RED is informed and believes, and thereupon alleges, that Defendant uses key words and metadata relying on RED's trademarks to generate search engine results and drive traffic to his websites. Specifically, on ScarletCameraRentals.com, Defendant uses the keywords "RED, RED camera, RED camera rental, RED Scarlet, RED Scarlet rental, RED Scarlet camera rentals, RED EPIC, RED EPIC-M, RED EPIC-X, RED ONE MX . . . RED Scarlet specs, RED camera rental …" among others. And, on RedPlanetCameras.com, Defendant uses the following keywords: "epic camera rentals, red camera rentals, red camera . . . epic . . . mx . . . red rocket . . ." among others.  These are all uses of RED product names and/or trademarks.

15. RED is informed and believes, and thereon alleges, that Defendant and his agents, employees, and servants have advertised and rented RED EPIC® and SCARLET® products the creation, storage, delivery, manipulation, recording, playback, viewing and editing of videos, film, and/or photographs. RED is informed and believes, and thereupon alleges, that Defendants rentals, lack of a disclaimer of association with RED, and the use of key words, colors, images, and text employed by Defendant were all done to create a confusingly similar look and benefit from initial interest in Defendant's website and entice third parties to rent from Defendant. RED contends that such uses are an infringement of RED's above described trademarks.

16. Defendant is on actual notice of RED's proprietary rights in its trademark based on Defendant's involvement in the same industry and receipt of a cease and desist email that RED caused to be sent to Defendant. Further, RED is informed and believes and thereupon alleges that Defendant has received constructive notice of RED's trademarks as RED caused the trademarks to be placed plainly on the advertisements and/or packaging. Despite this actual and constructive knowledge, Defendant has continued to infringe RED's trademark rights. On information and belief, Defendant's infringement has been willful and wanton.

17. RED is further informed and believes and thereupon alleges that the presence of Defendant's website in the marketplace using the accused marks damages the value of RED's exclusive rights. The presence of the products in the marketplace using a mark that is the same or substantially similar to RED's trademarks is likely to diminish the apparent exclusivity of the genuine RED products thereby dissuading potential customers who otherwise would have sought RED products. Upon information and belief, RED alleges that such deception has misled and continues to mislead and confuse many of the purchasers to buy the products sold by Defendants and/or has misled non-purchasers to believe the products emanate from or are authorized by RED.

18. RED is informed and believes and thereupon alleges that the use of Defendants websites while using RED's trademarks will result in lost sales, reduce the business and profit of RED, and will greatly injure the general reputation of RED, all to RED's damage in an amount not yet fully determined.

19. The exact amount of profits realized by Defendant as a result of its infringing activities, are presently unknown to RED, as are the exact amount of damages suffered by RED as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting. Further, Defendant's actions are irreparably injuring RED and will continue unless and until enjoined by this court.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Under 15 U.S.C. § 1114

20. The allegations of paragraphs 1 through 19 are repled and realleged as though fully set forth herein.

21. This is a claim for trademark infringement, and arises under 15 U.S.C. § 1114 against Defendant.

22. Jurisdiction is founded upon 15 U.S.C. § 1121.

23. RED is the owner of U.S. Registered Trademark No. 4,099,251, which confers the exclusive right to use this trademark in commerce. A true and correct copy of U.S. registered Trademark No. 4,099,251 is attached hereto as Exhibit 1.

24. The mark has been in use in commerce in connection with the sale of RED's SCARLET® cameras continuously since at least as early as its date of issue. The mark appears clearly on packaging, advertisements, product brochures, and on products.

25. Defendant has used the SCARLET mark to promote rental of SCARLET and other competitors' cameras for use by others in the creation, storage, delivery, manipulation, recording, playback, viewing and editing of videos, film, and/or photographs by him or other third parties to whom he rents his cameras. Defendant

has no authority from RED to use the mark in any manner. RED believes that Defendant's use of the mark as a domain name and/or company name, as set forth more fully above, infringes on RED's rights in its registered trademark.

26.   Plaintiff is informed and believes, and thereupon alleges, that Defendant's use of RED's mark in commerce constitutes trademark infringement.

27.   Plaintiff is informed and believes, and thereupon alleges, that Defendant's unauthorized use of RED's registered mark has caused or is likely to cause confusion in the marketplace as to the source of origin and authority or affiliation between Defendant and RED.

28.   Plaintiff is informed and believes, and thereupon alleges, that Defendant willfully infringed upon RED's exclusive rights under its trademark with the intent to trade upon the good will of RED and to injure RED.

29.   Plaintiff is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

30.   Plaintiff is informed and believes, and thereupon alleges, that Defendant will continue to infringe the registered trademark to the great and irreparable injury of RED, for which RED has no adequate remedy at law unless Defendant is enjoined by this court. Plaintiff seeks an injunction enjoining Defendant from continued infringing use of the domain name www.scarletcamerarentals.com and transfer of the domain name to RED.

## SECOND CLAIM FOR RELIEF
### Trademark Infringement Under 15 U.S.C. § 1114

31.   The allegations of paragraphs 1 through 19 are repled and realleged as though fully set forth herein.

32.   This is a claim for trademark infringement, and arises under 15 U.S.C. § 1114 against Defendant.

Complaint for Trademark Infringement

33.   Jurisdiction is founded upon 15 U.S.C. § 1121.

34.   RED is the owner of U.S. Registered Trademark Nos. 3,732,638, 3,800,535, 3,804,193, and 3,832,666, for the mark "RED," which confers the exclusive right to use these trademarks in commerce in association with the identified goods.   True and correct copies of U.S. Registered Trademark Nos. 3,732,638, 3,800,535, 3,804,193, and 3,832,666 are attached hereto as Exhibit 2-5, respectively.

35.   The marks have been in use in commerce in connection with the sale of RED products continuously since at least as early as its date of issue.   The mark appears clearly on packaging, advertisements, product brochures, and on products.

36.   Defendant has used the RED marks to promote rental of RED and other products and cameras for use by others in the creation, storage, delivery, manipulation, recording, playback, viewing and editing of videos, film, and/or photographs by him or other third parties to whom he rents his cameras. Defendant has no authority from RED to use the marks in any manner. RED believes that Defendant's use of the mark as a domain name and/or company name, as set forth more fully above, infringes on RED's rights in its registered trademark.

37.   Plaintiff is informed and believes, and thereupon alleges, that Defendant's use of RED's marks in commerce constitutes trademark infringement.

38.   Plaintiff is informed and believes, and thereupon alleges, that Defendant's unauthorized use of RED's registered marks has caused or is likely to cause confusion in the marketplace as to the source of origin and authority or affiliation between Defendant and RED.

39.   Plaintiff is informed and believes, and thereupon alleges, that Defendant willfully infringed upon RED's exclusive rights under its trademarks with the intent to trade upon the good will of RED and to injure RED.

40.   Plaintiff is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid

acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

41. Plaintiff is informed and believes, and thereupon alleges, that Defendant will continue to infringe the registered trademarks to the great and irreparable injury of RED, for which RED has no adequate remedy at law unless Defendant is enjoined by this court. Plaintiff seeks an injunction enjoining Defendant from continued infringing use of the domain name www.redplanetcameras.com and transfer of the domain name to RED.

**THIRD CLAIM FOR RELIEF**

**False Designation of Origin, Unfair Competition**

**and False Description Under 15 U.S.C. § 1125(a)**

42. The allegations of paragraphs 1 through 19 are repled and realleged as though fully set forth herein.

43. This is an action for unfair competition, false designation of origin of goods, and false description or representation of goods against Defendant, pursuant to 15 U.S.C. § 1125(a).

44. Jurisdiction is founded upon 15 U.S.C. § 1121.

45. RED is the owner of the mark "SCARLET," as evidenced by U.S. Registered Trademark No. 4,099,251. RED has gained great recognition in the industry and the consuming public for its product using this mark, which has been widely recognized as emanating from RED.

46. Defendant was also aware of RED's use of this mark. Indeed, RED is informed and believes, and thereupon alleges, that Defendant registered its domain name, www.scarletcamerarentals.com, specifically to benefit from the desire of others to have and use the SCARLET cameras. Nevertheless, Defendant has used the domain name to attract customers not only to rent RED cameras but also other competitors cameras. The commanding feature of the domain is "SCARLET," as "camera" and "rentals" are generic and descriptive.

Complaint for Trademark Infringement

47.  RED is informed and believes and thereupon alleges that Defendant's use of "SCARLET" as a part of a domain and/or business name, coupled with the color and layout of the website and keywords, constitutes a false designation of origin, a false description or representation of goods, and wrongfully and falsely represents to the consuming public that the Defendant's goods and services originated from or somehow are authorized by RED.  These acts amount to utilizing a false designation of origin and a false description or representation in interstate commerce to compete unfairly with RED.

48. The Defendant's acts are in violation of 15 U.S.C. § 1125(a), and will continue to the great and irreparable injury of RED unless enjoined by this Court.

49. RED is informed and believes, and thereupon alleges, that Defendant's unauthorized use of the SCARLET mark has caused confusion, or is likely to cause confusion, in the marketplace as to the source of origin of Defendant's products and has caused damage to RED within this jurisdictional district.

50. RED is informed and believes, and thereupon alleges, that Defendant willfully infringed upon RED's exclusive rights under its trademark with the intent to trade upon the good will of RED and to injure RED.

51.  RED is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

52.  RED is informed and believes, and thereupon alleges, that Defendant will continue to infringe RED's "SCARLET" mark to the great and irreparable injury of RED, for which RED has no adequate remedy at law unless Defendants are enjoined by this court. Plaintiff seeks an injunction enjoining Defendant from continued infringing use of the domain name www.scarletcamerarentals.com and transfer of the domain name to RED.

… … …

## FOURTH CLAIM FOR RELIEF

### False Designation of Origin, Unfair Competition
### and False Description Under 15 U.S.C. § 1125(a)

53. The allegations of paragraphs 1 through 21 are repled and realleged as though fully set forth herein.

54. This is an action for unfair competition, false designation of origin of goods, and false description or representation of goods against Defendants, pursuant to 15 U.S.C. § 1125(a).

55. Jurisdiction is founded upon 15 U.S.C. § 1121.

56. RED is the owner of the mark "RED," as evidenced by U.S. Registered Trademark No. 3,732,638, 3,800,535, 3,804,193, and 3,832,666. RED has gained great recognition in the industry and the consuming public for its product using this mark, which has been widely recognized as emanating from RED.

57. Defendant was also aware of RED's use of this mark. Indeed, RED is informed and believes, and thereupon alleges, that Defendant registered its domain name, www.redplanetcameras.com, specifically to benefit from the desire of others to have and use the RED cameras. Nevertheless, Defendant has used the domain name to attract customers not only to rent RED cameras but also other competitors cameras.

58. RED is informed and believes and thereupon alleges that Defendant's use of "RED" as a part of a domain and/or business name, coupled with the color and layout of the website and keywords, constitutes a false designation of origin, a false description or representation of goods, and wrongfully and falsely represents to the consuming public that the Defendant's goods and services originated from or somehow are authorized by RED. These acts amount to utilizing a false designation of origin and a false description or representation in interstate commerce to compete unfairly with RED.

59. The Defendant's acts are in violation of 15 U.S.C. § 1125(a), and will continue to the great and irreparable injury of RED unless enjoined by this Court.

60. RED is informed and believes, and thereupon alleges, that Defendant's unauthorized use of RED's marks has caused confusion, or is likely to cause confusion, in the marketplace as to the source of origin of Defendant's products and has caused damage to RED within this jurisdictional district.

61. RED is informed and believes, and thereupon alleges, that Defendant willfully infringed upon RED's exclusive rights under its trademarks with the intent to trade upon the good will of RED and to injure RED.

62. RED is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

63. RED is informed and believes, and thereupon alleges, that Defendant will continue to infringe RED's marks to the great and irreparable injury of RED, for which RED has no adequate remedy at law unless Defendants are enjoined by this court. Plaintiff seeks an injunction enjoining Defendant from continued infringing use of the domain name www.redplanetcameras.com and transfer of the domain name to RED.

WHEREFORE, Plaintiff RED, Inc. prays as follows:

1. That Defendant be adjudicated to have infringed RED's U.S. Trademark Registration No. 4,099,251, for "SCARLET," and that the trademark is valid, enforceable, owned by RED and has inherent meaning and/or has acquired secondary meaning;

2. That Defendant be adjudicated to have infringed RED's U.S. Trademark Registration No. 3,732,638, 3,800,535, 3,804,193, and

3,832,666, for "RED," and that the marks are valid, enforceable, owned by RED and has inherent meaning and/or has acquired secondary meaning;

3. That Defendant, and its agents, servants, employees, and attorneys and all persons in active concert and participation with them, be enjoined and restrained, during the pendency of this action and permanently thereafter from:

      A. Using the marks "RED" or "SCARLET," or any mark similar thereto in connection with the sale of its goods or services, as branding for its goods or services, as its company or domain name;

      B. Committing any acts which may cause purchasers to believe that the Defendant or its products or services are sponsored or authorized by, or are in any way associated with Plaintiff;

      C. Selling, passing off, or inducing or enabling others to sell or pass off any products as products or services provided by Plaintiff, which products are not Plaintiff's or are not produced under the control and supervision and approved by Plaintiff; or

      D. Infringing Plaintiff's trademark rights;

4. That Defendant, its agents, servants, employees and attorneys and all persons in active concert or participation with them, be enjoined and restrained, during the pendency of this action, and permanently thereafter from advertising or selling products or services in any manner that does or tends to dilute the distinctive value of RED's trademark;

5. That Defendant be ordered to cease use of the domains www.scarletcamerarentals.com and www.redplanetcameras.com;

6. That Defendant be ordered to transfer the domains www.scarletcamerarentals.com and www.redplanetcameras.com to RED;

7. That Defendant be directed to file with this court and serve upon RED within 30 days after the service of the injunction, a report in writing under

oath, setting forth in detail the manner and form in which Defendants has complied with the injunction;

8. That Defendant be required to account to RED for any and all profits derived by it, and all damages sustained by RED by reason of Defendant's trademark infringement, unfair competition and false designation of origin, together with interest and costs, and that RED be awarded damages against Defendant in an equal amount;

9. For all of Defendant's profits derived from their infringement of Plaintiff's trademark rights pursuant to 15 U.S.C. § 1117;

10. For treble damages under 15 U.S.C. § 1117;

11. That an award of reasonable costs, expenses, and attorney's fees be awarded against Defendants pursuant to 15 U.S.C. § 1116(a);

12. That Defendant be ordered to compensate RED in an amount equal to the amount of marketing and advertising costs that Defendant has expended to market and advertise its goods and services, so that RED may run its own marketing and advertising campaign to disassociate the products of RED and Defendant, mitigate the damage caused by the likelihood of confusion, and to recoup its lost market share or damages to its marketing and reputation; and

13. That RED have such other and further relief as the circumstances of this case may require and as this court may deem just and proper.

DATED: March 9, 2012          WEEKS, KAUFMAN, NELSON & JOHNSON

GREGORY K. NELSON
Attorney for Plaintiff, Red.com, Inc.

Complaint for Trademark Infringement

15

1

## JURY DEMAND

2     Plaintiff Red.com, Inc. hereby requests a trial by jury in this matter.

3

4     DATED:  March 9, 2012           WEEKS, KAUFMAN, NELSON & JOHNSON

5

6                                      GREGORY K. NELSON
                                       Attorney for Plaintiff, Red.com, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# United States of America

## United States Patent and Trademark Office

# SCARLET

**Reg. No. 4,099,251**

**Registered Feb. 14, 2012**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

RED.COM, INC. (WASHINGTON CORPORATION)
34 PARKER
IRVINE, CA 92618

FOR: DIGITAL STILL AND MOTION CAMERAS AND ACCESSORIES, SOLD INDIVIDUALLY OR AS A UNIT, COMPRISED OF, CAMERAS, DIGITAL SENSORS, CAMERA LENSES, FLASH MEMORY CARDS, ELECTRONIC MEMORIES, HARD DRIVES, VIDEO MONITORS AND FLAT PANEL DISPLAY SCREENS, ALL FOR USE IN THE CREATION, STORAGE, DELIVERY, MANIPULATION, RECORDING, PLAYBACK OR VIEWING OF VIDEO, MUSIC, GRAPHICS, PHOTOS, AUDIO, TEXT, AND MULTIMEDIA DATA; MODULAR CAMERA SYSTEMS AND ACCESSORIES, SOLD INDIVIDUALLY OR AS A UNIT, COMPRISED OF CAMERAS, CAMERA LENSES, ELECTRONIC VIEWFINDERS, PROCESSING MODULES, IMAGING MODULES, FLASH MEMORY CARDS, ELECTRONIC MEMORIES, HARD DRIVES FOR VIDEO RECORDERS, VIDEO MONITORS AND FLAT PANEL DISPLAY SCREENS, ALL FOR USE IN THE CREATION, STORAGE, DELIVERY, MANIPULATION, RECORDING, PLAYBACK OR VIEWING OF VIDEO, MUSIC, GRAPHICS, PHOTOS, AUDIO, TEXT, AND MULTIMEDIA DATA; COMPUTER PROGRAMS FOR DIGITAL STILL AND MOTION CAMERA SYSTEMS, NAMELY, COMPUTER HARDWARE AND COMPUTER SOFTWARE PROGRAMS FOR THE RECORDING, EDITING, AND PUBLICATION OF STILL IMAGE AND MOVING PICTURES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-18-2011; IN COMMERCE 11-18-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-390,121, FILED 2-6-2008.

ELLEN B. AWRICH, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# United States of America

### United States Patent and Trademark Office

# RED

**Reg. No. 3,732,638**
Registered Dec. 29, 2009

RED.COM, INC. (WASHINGTON CORPORATION)
20291 VALENCIA CIRCLE
LAKE FOREST, CA 92630

**Int. Cl.: 39**

FOR: ELECTRONIC DATA STORAGE DEVICES, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 8-31-2007; IN COMMERCE 8-31-2007.

SERVICE MARK
PRINCIPAL REGISTER

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-668,098, FILED 2-11-2009.

FRANK LATTUCA, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# RED

**Reg. No. 3,800,535**
**Registered June 8, 2010**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

RED.COM, INC. (WASHINGTON CORPORATION)
20291 VALENCIA CIRCLE
LAKE FOREST, CA 92630

FOR: BATTERIES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-31-2007; IN COMMERCE 8-31-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-668,103, FILED 2-11-2009.

FRANK LATTUCA, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

Exhibit 3, Page 1 of 1

# United States of America

## United States Patent and Trademark Office

# RED

**Reg. No. 3,804,193**

**Registered June 15, 2010**

RED.COM, INC. (WASHINGTON CORPORATION)
20291 VALENCIA CIRCLE
LAKE FOREST, CA 92630

**Int. Cl.: 9**

FOR: ELECTRONIC INPUT / OUTPUT MODULES FOR DIGITAL CAMERA DATA TRANS-
MISSION, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

**TRADEMARK**

FIRST USE 8-31-2007; IN COMMERCE 8-31-2007.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-668,112, FILED 2-11-2009.

FRANK LATTUCA, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

Exhibit 4, Page 1 of 1



# United States of America

## United States Patent and Trademark Office

# RED

**Reg. No. 3,832,666**
**Registered Aug. 10, 2010**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

RED.COM, INC. (WASHINGTON CORPORATION)
20291 VALENCIA CIRCLE
LAKE FOREST, CA 92630

FOR: ELECTRONIC DIGITAL IMAGE SENSORS FOR USE WITH DIGITAL CAMERAS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-31-2007; IN COMMERCE 8-31-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-668,092, FILED 2-11-2009.

FRANK LATTUCA, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 380 CJC  (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[_] **Western Division**
   **312 N. Spring St., Rm. G-8**
   **Los Angeles, CA 90012**

[X] **Southern Division**
   **411 West Fourth St., Rm. 1-053**
   **Santa Ana, CA 92701-4516**

[_] **Eastern Division**
   **3470 Twelfth St., Rm. 134**
   **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Gregory K. Nelson, Esq.
Weeks, Kaufman, Nelson & Johnson
462 Stevens Avenue, Suite 310
Solana Beach, CA 92075

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED.COM, INC., dba RED DIGITAL CAMERA, a Washington corporation, <br><br> PLAINTIFF(S) <br><br> v. <br><br> TOM JORDAN, a California resident, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **SACV12-00380 CJC (ANx)** <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S):

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Gregory K. Nelson, Esq._____, whose address is _Weeks, Kaufman, Nelson & Johnson, 462 Stevens Ave., #310, Solana Beach, CA 92075_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                                    Clerk, U.S. District Court

Dated: ___MAR 1 3 2012___                    By: ___ROLLS ROYCE PASCHAL___
                                                            Deputy Clerk

                                                        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| RED.COM, INC., dba RED DIGITAL CAMERA, a Washington corporation | TOM JORDAN, a California resident |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Weeks, Kaufman, Nelson & Johnson<br>462 Stevens Avenue, Suite 310<br>Solana Beach, CA 92075  Tel: (858) 794-2140 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  **☐ MONEY DEMANDED IN COMPLAINT: $_____**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is a trademark infringement case pursuant to 15 U.S.C. Section 1114

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____ **SACV12-00380 CJC (ANx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date March 9, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |